STOY *v.* O'DELL'S ESTATE ET AL.

[No. 15,052.   Filed May 27, 1935.]

*Frank E. Gilkison,* for appellant.

*Allen, Hastings & Allen,* and *Newberger, Simon & Davis,* for appellee.

KIME, J.—Appellant, who had been a pharmacy clerk in the drug store of William R. O'Dell, filed in the

matter of the estate of said O'Dell, insolvent, the following claim:

> "Estate of William R. O'Dell, Insolvent,
>             to William L. Stoy.
>
> 1929.  51 weeks @ $25.00 per week............$1275.00
> 1930.  52 weeks @ $25.00 per week............ 1300.00
> 1931.  13 weeks and 5 days at $25.00 per
>         week ................................................ 342.85
> Nov. 11, 1930 by loan................................. 9.80
>
>     Total ...............................................$2927.65
>     By credit checks, cash and
>         merchandise ................................. 897.08
>
>     By ...................................................$2030.57"

Edgar T. Laughlin, assignee of said estate recommended that the above claim be allowed as a second preferred claim (the first preferred being claims that arose as part of the expense of administration of said estate). A petition containing objections to the allowance of said claim as a second preferred was filed by E. C. DeWitt and Company, Inc., Fred C. Foltz, Butler Brothers, Indianapolis Paint and Color Company, Star-Peerless Wall Paper Mills, and The Sutcliffe Company, which petition contained a prayer asking the court to hear the evidence touching the objections and exceptions to the report in which Stoy's claim was recommended to be allowed as a second preferred, and then make such order as the court deemed just and proper in the premises. Trial was had and the court entered a judgment in favor of appellant in the sum of $1976.59, $50.00 of which was preferred and the balance a general claim against the assets of said estate. Appellant then filed a motion to modify said judgment and asked that the judgment be changed to read "that all of plaintiff's claim is preferred and shall be paid in full before the payment of general claims against said estate," which motion was overruled.

Appellant then filed a motion for a new trial, which motion was overruled and this appeal followed. The errors assigned are (1) that the court erred in overruling appellant's motion to modify the judgment and that the court erred in overruling the motion for a new trial, the grounds of which were that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law.

Appellant contends that under §9342, Burns 1926, being §40-110, Burns 1933, his entire claim should be allowed as preferred and paid in full because it is for manual labor performed for assignor, and that the payment of his claim should be second only to legitimate costs and expenses of the administration of the estate. This section of the statutes was held unconstitutional in the case of *McErlain* v. *Taylor* (1934), 207 Ind. 250, 192 N. E. 260, therefore, appellant's claim is governed by §9343, Burns 1926, being §40-111, Burns 1933 and §10001, Baldwin's 1934, under which section he is entitled to a preferred claim not exceeding $50.00 and to a general claim for the balance of the amount found, by the court, to be due him.

From the above it can be seen that the court did not err in overruling appellant's motion to modify the judgment or in overruling the motion for a new trial.

Finding no reversible error the judgment of the Daviess Circuit Court is in all things affirmed and it is so ordered.